IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE G. GREENWOOD,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>R. AYERS,<br><br>　　　　Respondent.<br>　　　　　　　　　　　　　　　／ | No. C 06-5377 WHA (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to denial of parole.

The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set forth below, the petition is **DENIED**.

**STATEMENT**

In 1984, petitioner was sentenced to twenty-five years to life in state prison pursuant to his conviction for first degree murder. In 2005, the California Board of Prison Terms (the "Board") found him unsuitable for parole for a third time. He contends that he has exhausted these claims by way of state habeas petitions, all of which were denied.

///

///

**DISCUSSION**

**A.   STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082,

2

1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**B.    ISSUES PRESENTED**

Petitioner contends that (1) the denial of parole violates his state created liberty interest in release on parole; (2) the Board violated his right to due process because the denial of parole was based on the unchanging facts of his commitment offense; (3) the regulations upon which the denial of parole relied were too vague; and (4) the denial of parole was arbitrary and capricious, in violation of his right to due process.

Among other things, respondent contends that California prisoner have no liberty interest in parole and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, respondent contends there is no due process right to have the result supported by sufficient evidence. Because these contentions go to whether petitioner has any due process rights at all in connection with parole, and if he does, what those rights are, they will addressed first.

**1.    RESPONDENT'S CONTENTIONS**

The Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV, § 1.

**a.    LIBERTY INTEREST**

Respondent contends that California prisoners have no liberty interest in parole. Respondent is incorrect that *Sandin v. Conner*, 515 U.S. 472 (1995), applies to parole decisions,

3

*see Biggs v. Terhune*, 334 F.3d 910, 914 (9th Cir. 2003) (*Sandin* "does not affect the creation of liberty interests in parole under *Greenholtz* and *Allen*."), and, applying the correct analysis, the California parole statute does create a liberty interest protected by due process, *see McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a cognizable liberty interest in release on parole."). Respondent's claim to the contrary is without merit.

### b. DUE-PROCESS PROTECTIONS

Respondent contends that even if California prisoners do have a liberty interest in parole, the due process protections to which they are entitled by clearly-established Supreme Court authority are limited to notice, an opportunity to be heard, and a statement of reasons for denial. That is, he contends there is no due process right to have the decision supported by "some evidence." This position, however, has been rejected by the Ninth Circuit, which has held that the Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record", or is "otherwise arbitrary." *Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *McQuillion*, 306 F.3d at 904 (same). The evidence underlying the Board's decision must also have "some indicia of reliability." *McQuillion*, 306 F.3d at 904; *Biggs*, 334 F.3d at 915. The some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d). *See Sass*, 461 F.3d at 1128-1129.

### 2. PETITIONER'S CLAIMS

#### a. LIBERTY INTEREST

Petitioner's first issue is a claim that California prisoners have a liberty interest in parole. As discussed above, this is correct, but it is not a basis for habeas relief in itself. As a claim for relief, it is without merit.

#### b. "BIGGS CLAIM"

In a line of relatively recent cases the Ninth Circuit has discussed the constitutionality of denying parole when the only basis for denial is the circumstances of the offense. *See Hayward*

4

1  *v. Marshall*, 512 F.3d 536, (9th cir. 2008); *Irons v. Carey*, 505 F.3d 846, 852-54 (9th Cir.
2  2007); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006); *Biggs v.*
3  *Terhune*, 334 F.3d 910, 915-17 (9th Cir. 2003).

4      In *Biggs* the court said that it might violate due process if the Board were to continue to
5  deny parole to a prisoner because of the facts of his or her offense and in the face of evidence of
6  rehabilitation.  334 F.3d at 916-17.  No legal rationale for this statement was provided, and it
7  was unclear whether the court was suggesting that the continued denial of parole would be a
8  new sort of due process violation or whether it was simply expressing the thought that with the
9  passage of time the nature of the offense could cease to be "some evidence" that the prisoner
10 would be a danger if paroled.[1]  This ambiguity was helpfully cleared up in *Irons*, where the
11 court clearly treated a "some evidence" claim as different from a "*Biggs* claim."  *Irons*, 505
12 F.3d at 853-54.  It appears, putting together the brief discussions in *Biggs* and *Irons*, that the
13 court meant that at some point denial of parole based on long-ago and unchangeable factors,
14 when overwhelmed with positive evidence of rehabilitation, would be fundamentally unfair and
15 violate due process.

16     As the dissenters from denial of rehearing en banc in *Irons* point out, in the Ninth
17 Circuit what otherwise might be dictum is controlling authority if the issue was presented and
18 decided, even if not strictly "necessary" to the decision.  *Irons v. Carey*, 506 F.3d 951, 952 (9th
19 Cir. 2007) (dissent from denial of rehearing en banc) (citing and discussing *Barapind v.*
20 *Enomoto*, 400 F.3d 744, 751 n. 8 (9th Cir.2005)).  Depending on whether the discussion of
21 dictum in the dissent from denial of rehearing en banc in *Irons* is correct, it thus may be that the
22 Ninth Circuit has recognized that due process right, which for convenience will be referred to in
23 this opinion as a "*Biggs* claim."  Here, petitioner's second issue is a "*Biggs* claim," in that he
24 contends that simply using the circumstances of his offense as grounds for denial for the third

---

[1] The Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record," or is "otherwise arbitrary."  *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006) (adopting "some evidence" standard for disciplinary hearings outlined in *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985).

5

time violates due process, separate from his "some evidence" claim, which is issue four, below.

Petitioner has failed to establish the predicate for his *Biggs* claim. For one thing, a third denial based on the circumstances of the crime does not amount to the sort of repeated denials which the *Biggs* court suggested might violate due process. For another, petitioner's parole was not denied solely because of the circumstances of his offense, but also because of his subsequent minimization of the offense, his receipt of a serious rule violation report within the five years prior to the hearing and his receipt of a "counseling memo" since his last parole hearing, his need for a longer period of self-help programming, and the psychological report (Exh. at 72-84).

And finally, assuming for purposes of this discussion that *Biggs* and *Irons* recognized an abstract due process right not to have parole repeatedly denied on the basis of the facts of one's crime and in the face of extensive evidence of rehabilitation, and also assuming arguendo that the right was violated in petitioner's case, petitioner still cannot obtain relief on this theory, because as there is no clearly-established United States Supreme Court authority recognizing a "*Biggs* claim." The state courts' rulings therefore could not be contrary to, or an unreasonable application of, clearly-established Supreme Court authority.

### c. REGULATIONS

Petitioner contends that the parole regulations are "intolerably vague," so as to violate due process.

Greenwood argues that the parole regulation's phrase "especially heinous, atrocious, or cruel" is unconstitutionally vague. He fails to acknowledge that the language following this phrase provides a list of five factors to consider when determining whether a crime is especially "heinous, atrocious or cruel," including the presence of multiple victims, the abuse or mutilation of the victim and a trivial motive for the crime. *See* 15 Cal. Code Regs. § 2402(c)(1)(A)-(E). The term "especially heinous, atrocious, or cruel," as further limited by five detailed factors/sub-definitions, is not constitutionally vague. *Cf. Arave v. Creech*, 507 U.S. 463, 470-78 (1993) (Idaho death penalty statute citing as an aggravating factor crimes carried out in an "utter disregard for human life" was not impermissibly vague because limiting construction had

1 been adopted which defined factor as those crimes demonstrating "the utmost disregard for
2 human life, i.e., the cold-blooded pitiless slayer").  "The Due Process Clause does not require
3 the same precision in the drafting of parole release statutes as is required in the drafting of penal
4 laws." *Hess v. Board of Parole and Post-Prison Supervision*, 514 F.3d 909, 913-14 (9th Cir.
5 2008).  Not only was the regulation not impermissibly vague on its face, Greenwood cannot
6 seriously assert an as-applied challenge because his activity fit squarely within one of the listed
7 factors to be considered in determining whether the offense was committed in an especially
8 heinous, atrocious or cruel manner: "the motive for the crime is inexplicable or very trivial in
9 relation to the offense." Cal. Code Regs., tit. 15 § 2402(c)(1).  Greenwood killed the victim in
10 the course of attempting to lift his wallet, a classic trivial motive.  The state courts' rejection of
11 Greenwood's claim was not an objectively unreasonable application of clearly established
12 Supreme Court precedent.  *See* 28 U.S.C. § 2254(d).

### d. "Some Evidence" Claim

Petitioner contends that denial of parole was arbitrary because there was no evidence in the record that he would be a danger to society if paroled.

Ascertaining whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455; *Sass*, 461 F.3d at 1128.  The some evidence standard is minimal, and assures that "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).

It is now established under California law that the task of the Board of Parole Hearings and the governor is to determine whether the prisoner would be a danger to society if he or she were paroled.  *See In. re Lawrence*, 44 Cal. 4th 1181 (2008).  The constitutional "some evidence" requirement therefore is that there be some evidence that the prisoner would be such a danger, not that there be some evidence of one or more of the factors that the regulations list as factors to be considered in deciding whether to grant parole.  *Id.* at 1205-06.

7

The evidence supporting the Board's denial of a parole date included that petitioner's motive was the trivial one of pickpocketing (Exh. 3 at 9-12); his receipt of a serious rule violation report about four and a half years before the hearing (*id*. at 48), his receipt of a counseling memo for a minor rule violation since the last hearing (*ibid*.), and his continuing tendency to minimize the crime (*id.* at 54).

Because there was no constitutional violation, the state courts' denial of this claim was not contrary to, or an unreasonable application of, clearly established Supreme Court authority.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October ___13___, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.06\GREENWOOD5377.RUL.wpd